IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 23-50149 |
| KENNETH CROSBY, | ) | |
| | ) | |
| Debtor. | ) | |

**OPINION AND ORDER OVERRULING**
**CHAPTER 7 TRUSTEE'S OBJECTION TO EXEMPTIONS**

Pursuant to notice, the chapter 7 trustee's Objection to Exemptions (ECF No. 97) (the "Objection") came on for hearing on February 26, 2025. The Court held a follow-up status conference on March 6, 2025, for discussion of the effect, if any, of Federal Rule of Bankruptcy Procedure (the "Rule" or "Rules") 1019(b)(3)(A) on the Objection. For the reasons stated below, the Objection will be overruled.

**BACKGROUND**

Debtor filed his chapter 13 petition, commencing this case, on March 24, 2023. Debtor's chapter 13 plan was confirmed on August 28, 2023. (ECF No. 43.) This case was later converted to chapter 7, as more particularly described below.

On June 15, 2023, while Debtor was in chapter 13, Debtor claimed two exemptions totaling $11,200.00 under O.C.G.A. § 44-13-100(a)(6) in two pieces of real property located at 254 Julius Higgs Road and 274 Julius Higgs Road, Norman Park, GA 31771 (together,

the "Properties"). (ECF No. 26 at 8.) Later, the chapter 13 trustee discovered that Debtor had undervalued the Properties in his schedules and that there was significant non-exempt equity in the Properties that could be liquidated for the benefit of his unsecured creditors. On May 16, 2024, the chapter 13 trustee filed an Amended Motion to Convert to Chapter 7 (ECF No. 66) (the "Motion to Convert") based on Debtor's failure to make plan payments; the non-exempt equity in the Properties; and the fact that unsecured creditors would get a greater dividend in chapter 7 than under Debtor's chapter 13 plan, which provided for a 0% dividend.

The chapter 13 trustee presented the following evidence over the course of three hearings on the Motion to Convert. First, after the Motion to Convert was filed, Debtor and a non-filing co-owner transferred ownership of the Properties, without authorization from the Court or the chapter 13 trustee, to Unstumpable, LLC, evidenced by a warranty deed executed on July 24, 2024, and recorded in the deed book of Colquitt County, Georgia, on July 31, 2024. Second, the 2023 tax valuations of the Properties showed that, prior to the transfer of the Properties, Debtor had non-exempt equity in them that had not been disclosed in his bankruptcy schedules. The Properties had a combined 2023 tax valuation of $45,064. Debtor scheduled their combined value at $12,195. (ECF No. 26 at 1-2.) The chapter 13 trustee also showed that Debtor had defaulted on his plan payments.

Debtor did not appear at any of the hearings, although his counsel did. Debtor's

counsel did not dispute that Debtor had defaulted on plan payments to the chapter 13 trustee or that Debtor transferred the Properties to Unstumpable, LLC without authorization from the Court or the chapter 13 trustee. He also could not explain Debtor's valuations of the Properties or how they were more accurate valuations than the tax valuations presented by the chapter 13 trustee. He presented no argument to refute the chapter 13 trustee's evidence of significant non-exempt equity in the Properties and the fact that unsecured creditors would get a greater dividend in chapter 7 than under Debtor's chapter 13 plan. Therefore, the Motion to Convert was granted and the case was converted to chapter 7 on September 19, 2024. (ECF Nos. 80, 81.)

After conversion, the chapter 7 trustee (the "Trustee") convened and concluded a meeting of creditors under 11 U.S.C. § 341 on December 20, 2024. The Trustee filed the Objection on January 21, 2025. He argues that the claimed exemptions on the Properties should be disallowed because Debtor is not currently in possession of such Properties, having transferred them out of his possession. (ECF No. 97 at 1.) He also argues that the exemptions should be disallowed because 11 U.S.C. § 522(g)(1) prohibits Debtor from claiming exemptions in voluntarily transferred property recovered by the Trustee. (Id.)

At the hearing and the status conference, Debtor's counsel argued that the Objection was not timely filed, although he did not cite to any authority in support of this argument. In response, the Trustee conceded that the Objection was not timely filed under Rule

1019(b)(3)(A). However, he argued that Debtor's exemption of the Properties was fraudulent because Debtor does not at this time own the Properties. Therefore, the Trustee asserts, the Objection was timely filed under Rule 4003(b)(2). After consideration of the Objection, the record, the arguments made at the hearing and the status conference, and the relevant law, the Objection will be overruled as untimely.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The preliminary issue before the Court is whether the Objection is timely. Generally, if an objection to exemptions is untimely, it is procedurally barred, and the Court will not reach its merits. 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(b); Fed. R. Bankr. P. 1019(b)(3)(A).

An objection to claimed exemptions must be filed "within 30 days after the later of the conclusion of the § 341 meeting of creditors; the filing of an amendment to the list; or the filing of a supplemental schedule." Fed. R. Bankr. P. 4003(b)(1). Generally, the 30-day period to object to exemptions following the meeting of creditors starts again after a case is converted to chapter 7 for the first time and a new meeting of creditors is held. Fed. R. Bankr. P. 1019(b)(3). However, this new period for objecting to exemptions after conversion of a case to chapter 7 *does not* apply if "more than 1 year has elapsed since the court issued the first order confirming a plan under Chapter 11, 12, or 13." Fed. R. Bankr. P. 1019(b)(3)(A).

The time to object to claimed exemptions is significantly extended where a debtor

AO 72A (Rev. 8/82)

fraudulently claims an exemption. The trustee may file an objection to a fraudulently claimed exemption "within one year after the case is closed." Fed. R. Bankr. P. 4003(b)(2).

"Generally speaking, courts construe bankruptcy exemption statutes—both state and federal—liberally in favor of bankruptcy debtors." McFarland v. Wallace (In re McFarland), 790 F.3d 1182, 1186 (11th Cir. 2015). An objecting party has the burden of proving that an exemption is improper. Fed. R. Bankr. P. 4003(c).

Here, the Trustee has conceded that the Objection was not timely filed under Rule 4003(b)(1) based on Rule 1019(b)(3)(A). However, he asserts the Objection was timely filed under Rule 4003(b)(2) because Debtor fraudulently claimed the Properties as exempt. Rule 4003(b)(2) is not an independent ground for disallowing an exemption—it provides only a limited way to extend the time to make an objection. In other words, if the Trustee successfully shows that Debtor fraudulently claimed the Properties as exempt, the Objection will be considered timely and the Court will consider the Trustee's substantive grounds for the Objection: that Debtor is not in possession of such Properties, having transferred them out of his possession, and that 11 U.S.C. § 522(g)(1) prohibits Debtor from claiming exemptions in voluntarily transferred property that the Trustee recovers. (ECF No. 97 at 1.)

The Eleventh Circuit has outlined a framework for considering objections under Rule 4003(b)(2). Graybill v. Thomas (In re Graybill), 806 Fed. App'x 920, 924 (11th Cir. 2020)

(adopting framework from Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli), 542 B.R. 245, 255 (B.A.P. 9th Cir. 2015)). Under this framework, the Court must first "identify the relevant representation" that the Trustee has contended was fraudulent. Id. The representation can be explicit or implicit: "Whenever a debtor asserts a claim of exemption, the debtor implicitly represents that the facts support that claim . . . By extension, the debtor is also certifying that the factual predicates to each statement are true." Id. (internal quotations omitted). The Trustee must also show that Debtor knew, "at the time [he] claimed the exemption, that the facts did not support that claim, and that [he] intended to deceive the [T]rustee and creditors who read the schedules." Id. (internal quotations omitted).

The relevant representation Debtor made is that he had an exemptible interest in the Properties under O.C.G.A. § 44-13-100(a)(6)[1] on the petition date. See White v. Stump, 266 U.S. 310, 313 (1924); Yerian v. Webber (In re Yerian), 927 B.R. 1223, 1229 (11th Cir. 2019) ("It is settled law that a claim of exemption is to be determined as of the petition date.") (internal quotations omitted). However, the Trustee has not shown that, at the time Debtor made his claims of exemption on the Properties, "the facts did not support" such claims. Graybill, 806 Fed. App'x at 924 (internal quotations omitted). The record shows that when

---

[1] O.C.G.A. § 44-13-100(a)(6) allows for an exemption in "[t]he debtor's aggregate interest, not to exceed $1,200.00 in value plus any unused amount of the exemption, not to exceed $10,000.00, provided under [the homestead exemption of O.C.G.A. § 44-13-100(a)(1)], in any property."

Debtor claimed the exemptions, it was true that Debtor *did have* an exemptible interest in the Properties—he and a non-filing co-owner owned the Properties as of the petition date. Furthermore, Debtor continued to have an interest in the Properties until July 24, 2024, when he transferred them to Unstumpable, LLC. Debtor may have improperly transferred the Properties more than a year after claiming the exemptions, but that is an issue separate from whether the exemptions were properly asserted. Additionally, the Trustee has made no showing that Debtor had the requisite fraudulent intent when he claimed the exemptions in the Properties, namely "inten[t] to deceive the [T]rustee and creditors who read [Debtor's] schedules." Id.

Because the Court finds that Debtor did not fraudulently assert the claims of exemption in the Properties, the extended objection period of Rule 4003(b)(2) is inapplicable, and the Objection is untimely. The Trustee has presented no other grounds for the Court to consider the Objection out-of-time, so the claims of exemption in the Properties will be allowed. See In re McClain, No. 19-51262, 2022 WL 880239, at *4 (Bankr. M.D.N.C. Feb. 9, 2022) (considering an objection to a homestead exemption and overruling objection as untimely where trustee could not show that extended objection period of Rule 4003(b)(2) applied).

Accordingly, for the reasons stated above,

# ORDER

**IT IS HEREBY ORDERED** that the Objection (ECF No. 97) is **OVERRULED**.

_____
Michele J. Kim
Chief United States Bankruptcy Judge
Southern District of Georgia

Dated at Brunswick, Georgia,
this 22nd day of April, 2025.